### UNITED STATES v. PHILLIPS et al.

(District Court, S. D. New York. February 2, 1920.)

1. Internal revenue ⬳2—National Prohibition Act did not repeal revenue statute.

Even though title 2 of the National Prohibition Act would have effected an implied repeal of the existing revenue laws respecting the manufacture and sale of distilled liquors, section 35 thereof expressly prevents such repeal, so that an indictment for possessing an illegal still contrary to Rev. St. § 3258 (Comp. St. § 5994), for distilling with intent to defraud the United States of taxes contrary to Rev. St. § 3281 (section 6021), and for making mash elsewhere than in an authorized distillery contrary to Rev. St. § 3282 (section 6022), charged offenses.

2. Indictment and information ⬳150—Demurrer does not raise issue of double jeopardy by separate counts under different statutes.

A demurrer to an indictment containing separate counts charging similar acts as offenses under different statutes does not raise the constitutional question of double jeopardy, which can only be raised after conviction if the sentence imposed exceeds the maximum possible on conviction of the most venial crime.

3. Conspiracy ⬳27—Overt act need not implicate all defendants.

The overt act essential to a conspiracy prosecution need not implicate all defendants.

Frank Phillips and others were indicted for violating the revenue laws and the National Prohibition Act, and for conspiracy to commit

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

those offenses, and they demur to the indictment.   Demurrer overruled.

This cause arises upon demurrer to some of the six counts in an indictment which charged as follows: (1) For possessing an illegal still (R. S. § 3258 [Comp. St. § 5994]); (2) distilling with intent to defraud the United States of taxes on distilled spirits (R. S. § 3281 [section 6021]); (3) making mash elsewhere than in an authorized distillery (R. S. § 3282 [section 6022]); (4) using foods to produce distilled spirits (section 15 of the Lever Act [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛l)]; (5) manufacturing whisky (section 6, tit. 2, of the National Prohibition Act [41 Stat. 310]); (6) a conspiracy to commit all the offenses charged in the first five counts.

The purpose of the demurrer is to raise the question whether the internal revenue sections of the Revised Statutes are still in force which provide for the collection of taxes on distilled spirits, and whether section 15 of the Lever Act is also in force.

Ransom H. Gillett, of Albany, N. Y., for demurrer.
Robert A. Peattie, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above).  [1] The question of the survival of the internal revenue statutes has been in so much conflict that it seems to me scarcely worth while to do more than state very briefly on which side the truth appears to me to be.  No authoritative decision can be reached till the Supreme Court passes upon it.  Judge Smith in U. S. v. Windham (D. C.) 264 Fed. 376, and Judge Bean in U. S. v. Yuginni (D. C.) 266 Fed. 746, thought that the National Prohibition Act was exclusive.  Judge Bourquin in U. S. v. Sohm (D. C.) 265 Fed. 910, and Judge McDowell in U. S. v. Turner (D. C.) 266 Fed. 248, came to an opposite conclusion.  Judge Orr in U. S. v. Puhac (D. C.) 268 Fed. 392, thought the Revised Statutes had been superseded at least as regards penalties and in effect ruled with Judge Smith and Judge Bean.  I have also received an oral opinion of Judge Sessions in U. S. v. Scalcueci Bros., recently delivered, which goes along with Judge Smith and Judge Bean. On the other hand, apparently Judge Grubb, sitting in this district, overruled the same point in U. S. v. Maresca, now on writ of error to the Circuit Court of Appeals for this circuit.

There is very little I can add to the opinions of Judge Bourquin and Judge McDowell, with whom I agree.  The Revised Statutes, unless repealed, still apply, as they did before, to all who sell liquor without paying taxes, as much to those who cannot get permits as to those who can. There must be some subsequent change of legislative intent to limit their effect.  Now it may well be true that title 2 of the National Prohibition Act would have effected an implied repealer pro tanto if nothing had been said.  The difficulty is that section 35 is entirely explicit, and precludes any such implication.  No doubt the two systems overlap and are in part redundant, but that is irrelevant when the intent is clear.

[2] No constitutional question arises at this stage of the proceedings.  There can be no double jeopardy except in the case of successive prosecutions.  We are familiar with the joinder of counts for different degrees of the same crime, in which the higher degree alleges all the

facts and more which are necessary to make up the lower. So long as the crimes themselves require different proof, it has never been held a good objection to concurrent verdicts on each that the actual facts proved chance to be the same. As to possible difficulties arising on sentence, they do not arise at the present time, nor indeed can they at any time, unless the sentence imposed exceed the greatest sentence possible upon conviction of the most venial crime. The only question raised by these demurrers is of the intent of Congress.

The fourth count under section 15 of the Lever Act is good by the same reasoning. That section was narrower than title 2 because it forbade only distilled spirits. No doubt everything forbidden by it is now forbidden also by title 2. As before, it is a case of two overlapping injunctions, and under section 35, except as they are inconsistent, they must both stand. I can see no inconsistency except that no permits were possible under the Lever Act, which is to that extent repealed. It may be hard to see any purpose to be served by the coexistence of both statutes, or indeed any conceivable reason for adding the fourth count at all, but with that I have nothing to do. We are, as I understand it, still in a formal state of war with the present government of Germany, and indeed are in occupation of a part of her territory.

[3] The sixth count is good. The overt act need not per se implicate all the defendants. The crime is the agreement. Dealy v. U. S., 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545.

Demurrer overruled.